**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| **NATIONAL LABOR RELATIONS BOARD,** | : |
| | : |
| **Petitioner,** | : |
| | : |
| **v.** | : **Case No. 3:16-mc-00002** |
| | :           **[GCM-DSC]** |
| | : **(No. 15-72162 - 9th Cir.)** |
| | : |
| **SYNERGY ONE LOCATING, LLC and SAFE MARKX, LLC,** | : |
| | : |
| **Respondents,** | : |
| | : |
| **DERVON GASKINS,** | : |
| | : |
| **Additional Respondent,** | : |
| | : |
| **and** | : |
| | : |
| **COMCAST CORP., BB&T CORP., WELLS FARGO BANK, N.A., and HORNETS BASKETBALL, LLC,** | : |
| | : |
| **Garnishees.** | : |
| | : |

**PROTECTIVE RESTRAINING ORDER**

Upon consideration of the *ex parte* Application of the National Labor Relations Board (the "Board") for a Pre-judgment Protective Restraining Order and pursuant to the Federal Debt Collection Procedures Act of 1990, 28 U.S.C. Sections 3011, 3013 and 3101, and the Court's inherent powers, and upon consideration of the Board's showing in support of said Application, good cause appears for granting the Board's Application. Accordingly, it is hereby

I.      **ORDERED** that Additional Respondent Dervon Gaskins, his agents, attorneys, representatives, successors, and assigns and all persons natural or

1

corporate acting in concert or participation with him ("Respondent" or "Gaskins"), is hereby restrained and enjoined from in any manner or by any means alienating, dissipating, distributing, transferring, encumbering, assigning, paying over, or otherwise disposing of any monies or assets belonging to, or in the possession or control of Respondent Gaskins until and unless he first furnishes to the Board security in the amount of $52,228, by transferring that sum to the Board to be held in an escrow account in the United States Treasury ("the Escrow Account"), pending further order of the Court;

II.    **IT IS FURTHER ORDERED** that, notwithstanding the proscription of Paragraph I, Respondent may sell, transfer, rent or lease assets belonging to him for a full, fair and present consideration or rental value, **PROVIDED** that the receipts from any such sale or transfer, and the rents due pursuant to any such lease, up to $52,228 for Respondent shall immediately upon receipt be transferred to the Board, to be held in the Escrow Account pending further order of the Court.

III.    **IT IS FURTHER ORDERED** that unless and until the sum of $52,228 has been paid over to the Board and deposited into the Escrow Account, Respondent Gaskins is hereby restrained and enjoined from, in any manner or by any means, entering into any arrangement providing for, or which would result in, the establishment, extension or expansion of any lien on any of his assets, or pledging such assets as security or encumbering any of his assets, absent further order of this Court.

IV.    **IT IS FURTHER ORDERED** that, notwithstanding any other provision of this Order, Respondent Gaskins may expend funds for the payment of Respondent's bona fide, reasonable and necessary current living expenses, or to satisfy federal, state,

county, and local taxes or bona fide liens of record recorded prior to the entry of this Order; **PROVIDED**, however, that in no event shall any payment or transfer of funds be made to any relative of Respondent Gaskins, or to any corporation, partnership or other entity owned or controlled, in whole or in part, by Gaskins, absent prior written agreement of the Board or further order of this Court; **PROVIDED FURTHER**, that Respondent Gaskins shall keep and, within forty-eight hours of request by the Board, make available to the Board for inspection and copying, written records of each and every transaction involving expenditures or receipts by Gaskins in excess of $100; and **PROVIDED FURTHER**, that any funds up to $52,228, now, or which in the future may be, in the possession or control of Respondent which exceed in value the amounts needed to satisfy the bona fide, reasonable and necessary living expenses and obligations described above, shall immediately be transferred to the Board, to be held in the Escrow Account pending further order of the Court.

V.     **IT IS FURTHER ORDERED** that, unless and until Respondent provides security in the amount and manner required under this Order, any person, natural or corporate, having notice of this Order and holding funds for the credit of, or belonging to Respondent Gaskins is directed to immediately transfer said funds to the Board, to be held in the Escrow Account pending further order of the Court.  **FURTHER**, any financial institution having possession or control of any assets held in a safe deposit box maintained in Respondent's name shall deny access by Respondent to such safe deposit box, absent further order of the Court.

VI.     **IT IS FURTHER ORDERED** that funds held in the Escrow Account shall be maintained in said account until such time as the funds are used to satisfy

Respondent Gaskins' liability to the Board, pursuant to its Court enforced Order in Board Case No. 28-CA-137972.

VII.    **IT IS FURTHER ORDERED** that, should any sale, transfer, or other disposition of Respondent Gaskins' assets with a value in excess of $300 have occurred between October 2, 2014 (the date of the initial unfair labor practice charge) and the entry of this Order, then, in that event:

(A)  Respondent shall immediately transfer to the Board for deposit into the Escrow Account the net proceeds of any such sale(s), up to $52,228.

(B)  Respondent shall provide in writing to the Board's Contempt, Compliance and Special Litigation Branch, 1015 Half Street, S.E., Fourth Floor, Washington, D.C. 20003 within ten (10) days of the entry of this Order, a description of the asset or assets involved in each such transaction, the value of each asset at the time Respondent acquired it and at the time of the sale, transfer or other disposition of such asset, the consideration received in exchange for the asset, the subsequent disposition of the consideration, and the name(s) and address(es) of all persons or entities who were parties to the transaction.

(C)  If the transfer or other disposition of any asset was not for full, fair and present consideration actually paid, the Board may apply to this Court, upon a showing that such transfer or other disposition amounted to a fraudulent conveyance or is otherwise voidable, for an order requiring Respondent or any person subject to this Order, as may be appropriate, to cause the return of such asset to Respondent.

VIII.    **IT IS FURTHER ORDERED** that Respondent Gaskins, within ten (10) days of the date of this Order, shall furnish the Board with a verified list of all of his

assets, real and personal, which exceed $500 in value, including, without limitation, land, vehicles, inventory, equipment, bank account numbers, certificates of deposit, promissory notes and/or other financial instruments personally registered to Respondent, shares of stock of which Respondent is a real or beneficial owner, bonds, options to purchase, good will or business licenses, and any other assets within the scope of this Order, together with a list of any encumbrances thereon, and shall update this list every time he disposes of, leases or acquires any asset(s) exceeding $500 in value.  Respondent shall further provide the Board with at least 30 (thirty) days' advance notice, in writing, of any proposed transaction involving the sale, disposition or lease of any asset exceeding $500 in value, including the names and addresses of all parties to the proposed transaction.  Respondent shall further provide the Board with not less than ninety (90) days' advance notice of any intent to file or initiate any bankruptcy or liquidation proceeding.  Respondent shall provide this information to the Board by delivering such information to the Board's Contempt, Compliance and Special Litigation Branch, 1015 Half Street, S.E., Fourth Floor, Washington, D.C. 20003.

IX.    **IT IS FURTHER ORDERED** that Respondent Gaskins shall provide notice of this Order, in writing, to any person natural or corporate to whom Respondent proposes to sell, lease, transfer or otherwise dispose of any of his assets; copies of such notices shall be promptly provided to the Board's Contempt, Compliance and Special Litigation Branch, 1015 Half Street, S.E., Fourth Floor, Washington, D.C. 20003.

X.    **IT IS FURTHER ORDERED** that, to verify and ensure compliance with this Order, the Board may obtain discovery from any party, person or entity, in the manner provided by the Federal Rules of Civil Procedure, upon any matter reasonably related to

compliance with this Order. The failure to comply with discovery in the manner required by the Federal Rules of Civil Procedure by Respondent shall be treated as contempt of this Court.

XI.     **IT IS FURTHER ORDERED** that service of this Order on Respondent Gaskins may be accomplished by delivering a copy to Respondent directly by mail, overnight delivery, facsimile transmission, or email; and service on any other may be accomplished by delivering a copy to such person or entity personally by employees or agents of the Board, or by mail or overnight delivery, with signature acknowledging receipt required, or via confirmed facsimile or email transmission.

XII.     **IT IS FURTHER ORDERED** that unless and until Respondent provides payment to the Board, as required under Paragraph I of this Order, Respondent Gaskins is hereby restrained and enjoined from directly or through any other person or entity, destroying, transferring, altering, erasing, concealing, disposing of, or in any other manner making unavailable any books, records, electronically stored data or other documents pertaining in whole or in part to Respondent, wherever those records may be located.

XIII.     **IT IS FURTHER ORDERED** that any violation of this Order by Respondent Gaskins or by any other party generally described herein who has notice of this Order, may be punishable as contempt of this Court, upon application of the Board, and sanctions for such contempt may include the assessment of compensatory fines to be assessed in an amount equal to the extent of damage caused to the Board's ability to obtain satisfaction of the Court's Judgment as a result of any transaction proscribed

by this Order, the imposition of coercive fines, and the issuance of writs of body attachment in order to compel compliance with this Order.

XIV.   **IT IS FURTHER ORDERED** that this Order, subject to such modifications as may from time to time be made by this Court, shall remain in effect until such time as Respondent Gaskins fully satisfies his financial obligations owed to the Board pursuant to the Board's Court enforced Order.

XV.   **IT IS FURTHER ORDERED** that any party may apply to the Court for modification or *vacatur* of this Order, for good cause shown, on grounds of hardship or necessity.

**SO ORDERED.**

Signed: November 17, 2016

David S. Cayer
United States Magistrate Judge